IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

    Petitioner,                  No. CIV S-04-0739 DFL DAD P

    vs.

SAN BERNARDINO COUNTY
DISTRICT ATTORNEY'S OFFICE,
et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        By order filed November 15, 2004, petitioner's second amended habeas petition was dismissed with leave to amend. Petitioner has filed a third amended petition.

PROCEDURAL HISTORY OF THIS CASE

        Petitioner commenced this action by filing a defective habeas petition on April 13, 2004. Petitioner failed to name a proper respondent, did not attack a specific judgment of conviction or a specific parole denial, and alleged no facts showing that he is in custody in violation of the Constitution or laws of the United States. In findings and recommendations filed April 19, 2004, the undersigned recommended that this case be summarily dismissed. Petitioner filed objections to the findings and recommendations along with a proposed amended petition. On July 28, 2004, the district judge directed the clerk to file the amended petition and referred

1

the matter to the undersigned to determine whether petitioner should receive further leave to amend. The district judge noted that it may be petitioner's intention to claim that the parole board violated due process by considering petitioner's rap sheet and rendering a decision that was arbitrary and capricious and not supported by evidence.

In his amended petition, petitioner alleged the same grounds for relief alleged in his original petition and indicated that he was attacking a judgment of conviction entered in San Bernardino County on November 22, 1993. However, some of petitioner's exhibits concerned a parole hearing conducted in Los Angeles County in 1998. Accordingly, the undersigned dismissed the amended petition with leave to file a second amended petition. Petitioner was directed to omit claims arising from his San Bernardino County conviction because such claims should proceed in the United States District Court for the Central District of California. Petitioner was advised that any challenge to a parole hearing conducted in Los Angeles County should also be litigated in the Central District. Petitioner was granted "leave to file a second amended petition in which petitioner alleges his claims in the context of **a specific criminal conviction or parole decision that arose in the Eastern District of California**." (Order filed Aug. 25, 2004, at 3 (emphasis added).)

On September 10, 2004, petitioner filed a second amended petition. The filing was not submitted on a habeas petition form, did not name a proper respondent, and did not attack a specific criminal conviction or parole decision that arose in the Eastern District of California. The filing commenced with vague allegations about unspecified charges, an unidentified district attorney, a jury in an unspecified case, and decisions made by prison classification committees in unspecified prisons. Petitioner then offered a conclusory allegation that "the board of prison terms parole board here at Mule Creek State Prison is using these same charges against me to hole [sic] me in prison." (Second Am. Pet. at (1).) Petitioner complained that he was denied family visiting rights because of a charge he "was never charged for or arrested or booked in jail for," that "these charges were used against me in court three times in

Lancaster state prison and in Mule Creek State Prison," and that "Mule Creek State Prison parole board has used them two times on me now." (Id. at (1)-(2).) Petitioner claimed he "did this case at first in the U.S. central district court, but it was sent back to me saying that I am in the eastern district, now and the board I am going to is in the eastern district also, so I need to go to the eastern district court." (Id. at (2).) Petitioner requested removal of fourteen charges from his rap sheet.

Petitioner's second amended petition did not comply with the court's August 25, 2004 order and did not meet the requirements of Rule 2 of the Rules Governing § 2254 Cases. By order filed November 15, 2004, the second amended petition was dismissed for failure to name a proper respondent, failure to submit the pleading on a proper form, and failure to limit the pleading to the assertion of claims for relief against a single conviction or parole decision that arose in the Eastern District of California. Petitioner was ordered to file a third amended petition on the form provided, to name a proper respondent, and to identify on the first page of the form, as the judgment of conviction under attack, "a single decision of the parole board after a hearing at Mule Creek State Prison." (Order filed Nov. 15, 2004, at 3.) Petitioner was advised that "[a]ll facts alleged on the first page of the form must relate to the parole board decision under attack" and that entries on the following pages must set out information about petitioner's administrative appeal and any state court proceedings arising from the parole board decision identified on the first page of the petition. (Id.) The order provided that "[t]he grounds for relief may include only claims presented to the California Supreme Court in the context of the parole board decision at issue." (Id.) Petitioner was instructed to omit claims that do not concern the duration or legality of his imprisonment. (Id. at 4.) Petitioner was cautioned that failure to comply with the order would result in a recommendation that this action be dismissed. (Id.)

PETITIONER'S THIRD AMENDED PETITION

Petitioner's third amended petition has been submitted on a proper form, names a proper respondent, and omits claims that do not concern the duration or legality of petitioner's

3

imprisonment. In all other respects, however, petitioner has failed to comply with the court's November 15, 2004 order.

Petitioner has not limited his pleading to the assertion of claims for relief arising from a single conviction or parole decision that arose in the Eastern District of California. On the first page of the form, petitioner does not identify as the judgment of conviction under attack any parole decision but instead alleges that the judgment of conviction under attack is his San Bernardino County conviction, which he now describes as having been entered on January 24, 1994. All facts alleged on the first page of the form relate to petitioner's San Bernardino County conviction.[1] On subsequent pages, petitioner has set out information about his appeal from the 1994 conviction, mixed with information that appears to concern state court proceedings arising from a parole board decision issued when petitioner was confined in southern California.

Despite the court's order requiring petitioner to limit his claims to ones "presented to the California Supreme Court in the context of the parole board decision at issue," petitioner

---

[1] The court takes judicial notice of the records of the United States District Court for the Central District of California and the United States Court of Appeals for the Ninth Circuit. It appears that petitioner initially challenged his San Bernardino County conviction in a habeas petition filed in the Central District on July 31, 1996. See Welch v. Roe, et al., No. CIV 96-0301 RT VAP (C.D. Cal.) (dismissed without prejudice on Sept. 20, 1996). Petitioner filed two habeas petitions challenging his San Bernardino County conviction on April 3, 1997. See Welch v. Roe, et al., No. CIV 97-0099 RT VAP (C.D. Cal.), and Welch v. Roe, et al., No. CIV 97-0100 RT VAP (C.D. Cal.). The court deemed the second of these two cases to be supplemental to the first and dismissed the duplicative case on April 10, 1997. Case No. 97-0099 was subsequently transferred to the Western Division of the Central District, where the action proceeded as No. CIV 98-3221 MMM MAN (C.D. Cal.). On November 23, 2001, petitioner filed a petition for writ of mandate in the Ninth Circuit; the petition was denied without prejudice on January 17, 2002. See Welch v. United States Dist. Ct., No. 01-80255 (9th Cir.). In findings and recommendations filed in case No. 98-3221 on January 11, 2002, the magistrate judge noted that petitioner had abandoned numerous unexhausted claims. The magistrate judge recommended that all remaining claims be denied. That recommendation was adopted by the district judge on March 21, 2002, and the habeas petition was dismissed with prejudice. A certificate of appealability was denied by the district court on May 31, 2002. The Ninth Circuit denied petitioner's request for certificate of appealability on March 19, 2003. See Welch v. Roe, et al., No. 02-56080 (9th Cir.). On April 8, 2002, petitioner filed a further petition challenging his San Bernardino County conviction; the action was dismissed as second or successive on June 19, 2002; a certificate of appealability was denied by the district court on August 5, 2002. See Welch v. Knowles, No. CIV 02-0295 MMM MAN (C.D. Cal.). The Ninth Circuit denied petitioner's request for a certificate of appealability on February 25, 2003, and denied his request for reconsideration on April 21, 2003. See Welch v. Knowles, No. 02-56400 (9th Cir.).

1  has alleged as his first ground for relief an attack on the sentence imposed by the San Bernardino
2  Superior Court.  Although petitioner's second ground for relief concerns use of petitioner's rap
3  sheet "to illegally influence the board of prison terms with regard to a release date," petitioner
4  has not alleged this claim in the context of a decision of the parole board after a hearing at Mule
5  Creek State Prison.  In fact, petitioner alleges no facts at all about the parole board's use of his
6  rap sheet in any parole hearing at any institution.
7        Petitioner was cautioned that failure to comply with the November 15, 2004 order
8  would result in a recommendation that this action be dismissed.  By the findings and
9  recommendations filed on April 19, 2004, the district judge's order filed July 28, 2004, and the
10 orders issued by the undersigned on August 25, 2004, and November 15, 2004, petitioner has
11 been provided with extensive information to assist him with the filing of a pleading in which he
12 alleges a claim that the parole board violated due process by considering his rap sheet and
13 rendering a decision that was arbitrary and capricious and not supported by evidence.   Despite
14 three opportunities to amend his petition, petitioner has not filed a petition in which he
15 challenges an identifiable parole decision and alleges facts showing that the decision was
16 arbitrary and capricious and not supported by evidence.
17       The undersigned will recommend that this action be summarily dismissed because
18 it appears from the face of the third amended petition that petitioner is not entitled to relief in this
19 court.  See Rule 4, Fed. R. Governing § 2254 Cases.
20       Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily
21 dismissed.
22       These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, petitioner may file written
25 objections with the court.  A document containing objections should be titled "Objections to
26 Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
welc0739.156s

6